FELIPE GONZÁLEZ GONZÁLEZ, demandante y recurrido, *v.* HON. FÉLIX RAMÓN ESTEVES, ALCALDE DE UTUADO, ETC., demandados y recurrentes.

Número: R-72-91      Resuelto: 19 de enero de 1973

*Gilberto Gierbolini, Procurador General, y Peter Ortiz, Procurador General Auxiliar,* abogados de los recurrentes; *Jorge Marín Báez,* abogado del recurrido.

EL JUEZ ASOCIADO SEÑOR RAMÍREZ BAGES emitió la opinión del Tribunal.

Debemos resolver si es procedente en derecho que al recurrido se le deduzca lo cobrado como sueldo en·exceso de $425 en el ejercicio del cargo de Tesorero Director Escolar del Municipio de Utuado, cargo al que fue nombrado por el Alcalde de dicho Municipio en 13 de enero de 1969, el mismo día en que el recurrido juró· su cargo como Asambleísta Municipal al cual había sido electo y al cual renunció al día siguiente. Antes de dicha elección, el recurrido era maestro de escuela con un sueldo de $400 al mes.

El cargo de Tesorero Director Escolar en cuestión figuraba en el presupuesto del municipio con anterioridad a las elecciones de 1968 con un sueldo de $425.00. Fue aumentado en 1ro de julio de 1969 a $450 y en julio de 1970 a $475. La oficina del Contralor concluyó que durante el período entre 5· de enero de 1969 y 31 de marzo de 1970 el demandante había recibido pagos indebidos por un monto de $396.82 en violación de la Ley Núm. 9 de 7 de marzo de 1951 (3 L.P.R.A. secs. 679–684) y de la Sec. 5 del Art. III de la Constitución del Estado Libre Asociado. En tal virtud el Alcalde de Utuado, por instrucciones del Secretario de Hacienda de Puerto Rico, ordenó retener el sueldo del recurrido en exceso de $425, retención que ha sido realizada por el Auditor Municipal.

El recurrido radicó demanda de sentencia declaratoria en que solicita se resuelva que, a la luz de lo relacionado previamente, la actuación del Alcalde y del Auditor Municipal es ilegal y·sin justificación y, por lo tanto, viola los derechos del recurrido.

El tribunal de instancia resolvió que el juramento de Asambleísta que hizo el recurrido fue una cuestión pro forma; que el Contralor ". . . quiere aplicar la ley siguiendo una norma ortodoxa de raíz matemática . . . que no fue la intención legislativa. aplicar los estatutos mencionados a un caso como el presente." Por lo tanto concluyó que las retenciones del sueldo del recurrido eran ilegales por lo que ordenó que se le pagase ". . . todo el dinero que por concepto de sueldo le han

retenido . . . y todas aquellas cantidades que se han negado a pagarle."

Los estatutos en cuestión son los siguientes:

(a) Sec. 15, Art. III Constitución del Estado Libre Asociado de Puerto Rico (1 L.P.R.A., Vol. 1, pág. 249), la cual dispone que:

"Ningún Senador o Representante podrá ser nombrado, durante el término por el cual fue electo o designado, para ocupar en el Gobierno de Puerto Rico, sus municipios o instrumentalidades, cargo civil alguno creado, o mejorado en su sueldo, durante dicho término. Ninguna persona podrá ocupar un cargo en el Gobierno de Puerto Rico, sus municipios o instrumentalidades y ser al mismo tiempo Senador o Representante. Estas disposiciones no impedirán que un legislador sea designado para desempeñar funciones *ad honorem*."

(b) Los Arts. 1 y 2 de la Ley. Núm. 9 de 7 de marzo de 1951 (3 L.P.R.A. Secs. 679–680) que disponen:

Sec. 679—

"Ninguna agencia del Gobierno de Puerto Rico extendrá nombramiento a ninguna persona que: (1) desempeñe un puesto en otra agencia del Gobierno de Puerto Rico; (2) haya desempeñado un puesto en otra agencia del Gobierno de Puerto Rico a menos que hayan transcurrido noventa días entre la fecha de su separación del puesto anterior que ocupaba y su nombramiento para el nuevo puesto. Si dicha persona recibe vacaciones con sueldo al renunciar su puesto anterior se entenderá que su renuncia tuvo efecto al expirar dichas vacaciones."

Sec. 680—

"La prohibición de la sec. 679 de este título se aplica solamente si la retribución del nuevo puesto es mayor que la del puesto anterior; Entendiéndose que en caso de que sea igual o menor, queda sin efecto el nombramiento si dentro de los seis meses después de haberse hecho se concede un aumento sobre la retribución percibida en el cargo o empleo anterior."

(c) El Art. 29 de la Ley Municipal (21 L.P.R.A. sec. 1171) lee así:

"Todas las limitaciones impuestas por la Constitución del Estado Libre Asociado de Puerto Rico y por la Ley de Relaciones Federales con Puerto Rico a la Asamblea Legislativa y a sus miembros, serán aplicables, hasta donde fuere posible, a la asamblea municipal y a los miembros de la misma. . . ."

El propio tribunal de instancia informa en su sentencia que el recurrido fue debidamente electo Asambleísta Municipal de Utuado; juró el cargo y a las horas lo renunció. No podemos convenir con dicho tribunal que dicho juramento fue pro forma. El recurrido en derecho llegó a ocupar el cargo de asambleísta y, aún siéndolo, fue nombrado Tesorero Director Escolar de Utuado. Le aplica por tanto la clara disposición constitucional, hecha extensiva a los asambleístas municipales, que en efecto prohibe el aumento de sueldo de un cargo en un municipio al cual es nombrado un asambleísta municipal, *durante el término por el cual fue electo*. Igualmente se violó en este caso lo dispuesto en el Art. 2 de la Ley Núm. 9 de 1951 previamente citado.

En *Cordero, Auditor* v. *Tribunal de Distrito*, 72 D.P.R. 378, 385 (1951), dijimos que la frase "durante el tiempo por el cual hubiere sido electo" es una frase clásica que se usa ". . . dondequiera que los redactores quisieron hacer que un legislador fuera inelegible durante todo el período de tiempo por el cual fue electo, independientemente de su renuncia del escaño legislativo." Ese significado está consagrado por su uso.

Cuando la disposición constitucional en cuestión se consideró por la Comisión de la Rama Legislativa de la Convención Constituyente, su redacción original disponía que ningún miembro de la Asamblea Legislativa podría ocupar un cargo civil en Puerto Rico, sus instrumentalidades y municipios *durante su incumbencia y que durante el término para el cual fue electo* no podría ser nombrado para un cargo civil que se crease o cuyo sueldo se aumentase *durante dicho período*. Esta disposición fue luego redactada de nuevo e incluida en la

Constitución en la redacción que aparece en la Sec. 15 del Art. III. Hubo extensas discusiones en la Constituyente sobre el término "incumbencia". Se enmendó para eximir de la primera prohibición el desempeñar cargos *ad honorem*. *Diario de Sesiones*, Tomo 2, págs. 778–806, 809–814, 1088–1099, 1327–1335, Tomo 4, págs. 2435–2436, 2580.

No hemos encontrado en el *Diario de Sesiones de la Convención Constituyente* debate, comentario o discusión que en forma alguna indicase un sentir o interpretación de la frase "durante el término para el cual fue electo" contrario al significado "consagrado por el uso" que previamente hemos indicado. Por el contrario, la extensa discusión sobre el vocablo "incumbencia" revela que los señores delegados entendían la marcada diferencia que existe entre el significado de dicho vocablo y la frase "durante el término para el cual fue electo" de manera que al adoptar esta última en la Sec. 15 del Art. III de la Constitución se quiso prohibir absolutamente, es decir, durante el término para el cual un senador, representante, o asambleísta municipal es electo, el que pueda ocupar un cargo civil en el Gobierno de Puerto Rico, sus municipios o instrumentalidades, creado o mejorado en su sueldo durante dicho término.

En vista de lo expuesto, *debe revocarse la sentencia dictada en este caso por el Tribunal Superior, Sala de Arecibo, en 1ro de marzo de 1972, y en su lugar dictarse otra desestimando la demanda.*